## Marks's Appeal.

## The First National Bank of Newark *versus* Holmes, Lafferty & Co., Garnishees.

| 85 231
|172 240

1. An assignment for the benefit of creditors vests the title forthwith in the assignee though ignorant of the assignment.

2. The moment an assignment for the benefit of creditors is placed by the assignor, or any one interested, in the office of the recorder of deeds of the proper county and within the prescribed time, the beneficial interest of the creditors, the *cestuis que trustent*, is completely vested and it is totally immaterial when the assignee accepts the trust or whether he ever accepts it.

3. Such assignee by virtue of the assignment and as a trustee for the creditors, has the right to assert his and their right to any property of the assignor which passed by the assignment against any person claiming by subsequent transfer, attachment, judgment, execution or any other lien.

4. Read *v.* Robinson, 6 W. & S. 329 ; Blight *v.* Schenck, 10 Barr 285, and Johnson *v.* Herring, 10 Wright 415, followed.

October 11th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Appeal from the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1877, No. 37.

This appeal was by Simon Marks, assignee of Jacob Needy, from the decree of the court confirming the report of the auditor appointed to distribute a fund paid into court by Holmes, Lafferty & Co., garnishees of said Jacob Needy.

Marks was the assignee under a deed of voluntary assignment for the benefit of creditors, made by Jacob Needy, and dated at Pittsburgh July the 22d 1875.

On that same day the plaintiff, The First National Bank of Newark, Ohio, had caused an attachment, under the Act of March 17th 1869, to be issued against said Jacob Needy, by virtue of which the defendants below, Holmes, Lafferty & Co., were summoned as garnishees. Marks, the assignee, on application to the court, was permitted to interplead in said attachment, and accordingly filed his interpleader, wherein he claimed the fund attached under and by virtue of the aforesaid assignment to him. A judgment was obtained by the bank against the defendant, Jacob Needy, whereupon this *scire facias sur garnishment* was then issued. On application, and by permission of court, Marks, the assignee, was permitted to interplead in the said *scire facias* proceedings, and accordingly again filed his interpleader. The garnishees and defendants in this suit, Holmes, Lafferty & Co., in answer to the usual interrogatories propounded by the bank, admitted having in their possession $5027.54, belonging to the assignor under deed of assignment. They further asserted that Marks, the assignee, had given them notice that he claimed the entire amount in their hands as assignee of Needy, and alleging therein that the assignment had taken place prior to the attachment. By permission of court the

[Marks's Appeal.]

garnishees paid into court the amount in their hands. The court subsequently appointed an auditor to make distribution of the fund among the parties legally entitled thereto.

The deed of assignment from Needy to Marks was signed, sealed and acknowledged on the morning of July 22d 1875, and was put on record by the assignor *before* twelve o'clock of that day.

The assignee, Marks, was absent from Pittsburgh the morning of that day, but on the afternoon of the same day (the exact hour does not appear) the assignor met Marks in Allegheny city, and informed him of the assignment, and Marks then and there consented to act as assignee. The next day he formally entered upon the duties of his trust, swore to a petition for the appointment of appraisers, &c., and on the succeeding day presented said petition to the Court of Common Pleas. The attachment of the bank was placed in the hands of the sheriff, at twenty minutes after twelve o'clock of July 22d 1875, *after* the deed of assignment was recorded, and it was not served on the garnishees until *forty* minutes after *two* o'clock P. M., of the same day. The auditor found that the writ of attachment issued and was served *after* the deed of assignment was recorded. He further found that the counsel for the bank admitted that Needy, the assignor, had other creditors besides the bank.

On November 23d 1876, the auditor filed his report, in which he awarded the fund to the plaintiffs in the attachment, The First National Bank of Newark, Ohio, *one* of the creditors of Jacob Needy.

The grounds upon which the auditor decided against Marks, the assignee, were :—

1st. That the recording of the deed by the assignor did not amount to a delivery, *without affirmative proof* that the assignee had then accepted the trust.

2d. That Marks, the assignee, had no interest which entitled him to claim the fund.

To said report the assignee excepted. The exceptions were dismissed by the court on December 9th 1876, and the auditor's report confirmed, from which decree this appeal was taken.

*Josiah Cohen*, for appellant.—The assignment was effective from the time of its delivery for record, and this delivery was prior to the time the attachment was served on garnishees : Read *v.* Robinson, 6 W. & S. 332 ; Seal *v.* Duffy, 4 Barr 278 ; Blight *v.* Schenck, 10 Id. 290 ; Johnson *v.* Herring, 10 Wright 415.

*McCreery & Bailie*, for appellee.—The leaving of the deed for record did not amount to a delivery, and the deed, at most, only took effect from the time the assignee accepted the trust thereunder : McKinney *v.* Rhoads, 5 Watts 343 ; Johnston *v.* Farley, 45 N. H.

[Marks's Appeal.]

505; Powers *v.* Russell, 13 Pick. 77; Duer *v.* James, 42 Md. 492; Fonda *v.* Sage, 46 Barb. 123; Eckman *v.* Eckman, 5 P. F. Smith 269; Harrison *et al. v.* Trustees, 12 Mass. 460; Parmelee *v.* Simpson, 5 Wall. 81; Oxnard *v.* Blake, 45 Me. 602; Denton *v.* Perry, 5 Vt. 382; Snyder *v.* Koons, 20 Md. 309; Day *v.* Griffith, 15 Iowa 104.

Mr. Justice SHARSWOOD delivered the opinion of the court, October 22d 1877.

As to the question discussed by the learned auditor in the court below, of the right of the assignee in this case to intervene and claim the fund, we think the authorities cited by him do not apply. It is true that he stands in the shoes of the assignor as to all transactions before the assignment. He could not set up the fraud of his assignor in any previous transfer or judgment. He does not represent the creditors, who may have superior claims, and he is not armed with their powers: Twelves *v.* Williams, 3 Whart. 492; Vandyke *v.* Christ, 7 W. & S. 373. Nor can he appeal from a decree distributing the trust funds in his hands unless he is himself personally aggrieved: Mellon's Appeal, 8 Casey 121. But he has a perfect right in virtue of the assignment and as a trustee for the creditors to assert his and their right to any property of the assignor which passed by the assignment against any person claiming by subsequent transfer, attachment, judgment, execution or any other lien.

This brings us at once to the real ground of this controversy; which was prior in time, the assignment or the attachment? The learned auditor admitting that the assignment was executed, acknowledged and left for record in the office of the recorder of deeds, before the writ of attachment was put into the hands of the sheriff, was of the opinion that because there was no evidence that it was accepted by the assignee before the service of the writ, the attachment must prevail against the assignment. In this we think that there was manifest error.

It will be unnecessary to discuss the general question of what constitutes a sufficient delivery of a deed, or to examine and compare the numerous decisions reported in the books upon this subject. We have a case in this court upon the execution of an assignment for the benefit of creditors, which was fully considered and is directly in point: Read *v.* Robinson, 6 W. & S. 329. It was there held that a common-law conveyance, given to an agent for transmission to the grantee, vested the title in the grantee forthwith, though ignorant of the transaction, and that so far as an assignment in trust for the benefit of creditors is concerned the express refusal of the assignee to accept would not invalidate it. Chief Justice GIBSON says: "The Act of 1836 provides that the several courts having jurisdiction shall have power to appoint assignees or

[Marks's Appeal.]

trustees 'where any sole assignee or trustee shall *renounce* the trust or refuse to act under or wholly execute the same.' Now a trust depending for its existence on the assent of the trustee to the grant, in which it is declared, is, when renounced, in the very category defined in the first member of the clause; for it is a rule, to which there is said to be no exception, that there is no renunciation after acceptance and consequently after assent to the grant of the legal estate." We do not think that it ought to be any longer an open question in this state since Read *v.* Robinson, and the subsequent cases of Blight *v.* Schenck, 10 Barr 285, and Johnson *v.* Herring, 10 Wright 415, that the moment an assignment for the benefit of creditors is placed by the assignor or any one interested in the office of the recorder of deeds of the proper county, and within the prescribed time, the beneficial interest of the creditors, the *cestuis que trust*, are certainly and completely vested and it is totally immaterial when the assignee accepts the trust or whether he ever accepts it at all. In Blight *v.* Schenck, Mr. Justice ROGERS said: " That the delivery was complete when the grantors declared before the proper officers that they signed, sealed and delivered the deed, without saying or doing anything to qualify the delivery, is well settled on authority. If the grantee had been present at the time, either personally or by agent, no person would doubt that the title vested; but it is ruled that this will not prevent it taking effect as a good deed:" Garnons *v.* Knight, 5 B. & C. 671; Lloyd *v.* Bennett, 8 C. & P. 124. In Johnson *v.* Herring, Mr. Justice STRONG says: " A trust does not fail for want of a trustee. A delivery of an assignment is good when the instrument has passed out of the control of the assignors with their assent to its taking effect." " Delivery, though necessary to give effect to any deed, is an act done after, in common language, the deed has been made or executed. The evidence of it may rest entirely in parol. It is not usually attended with any publicity, and if, in case of voluntary assignments, it is necessary to look beyond the deeds themselves to know when they became operative, a wide door is opened for establishing secret trusts, which it was the manifest purpose of the legislature to restrain. Nor is there any hardship in adopting such a construction. The assignment may be placed upon record by the assignors or by any one having a legal or beneficial interest."

Decree reversed at the cost of the appellees, and now it is ordered and decreed that the fund in court, $4103.57, be awarded and paid to the appellant, Simon Marks, as assignee for the benefit of the creditors of Jacob Needy.