THE PEOPLE OF THE STATE OF NEW YORK *v.* THE COMMERCIAL ALLIANCE LIFE INSURANCE COMPANY.

In the Matter of the Claim of R. STUART MILLER, Guardian, etc., Appellant, *v.* WILLIAM T. GILBERT, Receiver, Respondent.

CLAIMS AGAINST DISSOLVED LIFE INSURANCE COMPANY — DATE OF VALUATION. Claims under policies of a life insurance company which has been dissolved for insolvency and placed in the hands of a receiver, in an action instituted by the attorney-general, must be valued and determined, and their status fixed, as of the date of the commencement of the action for dissolution, and are not affected by the death of the insured after that date and before the distribution of assets.

*People* v. *Com. Alliance Life Ins. Co.*, 17 App. Div. 376, affirmed.

(Argued October 4, 1897; decided October 12, 1897.)

APPEAL, by certification, from an order of the Appellate Division of the Supreme Court in the first judicial department, made May 7, 1897, which affirmed an order of Special Term overruling exceptions to the report of a referee and confirming the same.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edgar J. Nathan* for appellant. The Miller policies are entitled to a dividend on their face value, deducting only the premiums remaining unpaid at the time of the death of the insured. (*People* v. *S. L. I. Co.*, 78 N. Y. 114, 129; *Atty.-Gen.* v. *G. M. L. I. Co.*, 82 N. Y. 336; *Atty.-Gen.* v. *N. A. L. I. Co.*, 82 N. Y. 172, 194; *Atty.-Gen.* v. *C. L. I. Co.*, 88 N. Y. 77, 80; *People* v. *E. M. L. I. Co.*, 92 N. Y. 105.) The Miller policies were in effect agreements to insure for life. (*McDougall* v. *P. S. Soc.*, 64 Hun, 515.)

*Henry D. Hotchkiss* for respondent. All equities are to be adjusted as of October thirteenth, when this action was begun. (*Dean's Appeal*, 98 Penn. St. 101; *Commonwealth* v. *Ins. Co.*, 162 Penn. St. 586; *Atlas Bank* v. *Nahant Bank*, 23 Pick. 480; *Burden* v. *S. F. Assn.*, 147 Mass. 360; *Fogg* v. *Supreme Lodge, etc.*, 159 Mass. 9; *Mayer* v. *Atty.-Gen.*, 32 N. J. Eq. 815; *Fawcett* v. *Supreme Order, etc.*, 24 Law. Rep. Ann. 824; *Taylor* v. *N. S. M. Ins. Co.*, 20 Ins. Law J. 562; *People ex rel.* v. *L. & R. Assn.*, 150 N. Y. 94; *In re E. R. F. L. Assn.*, 131 N. Y. 355; *Fera* v. *Wickham*, 135 N. Y. 223.)

HAIGHT, J. This action was brought by the attorney-general on behalf of the People to have the defendant, the Commercial Alliance Life Insurance Company, adjudged insolvent, the corporation dissolved and its assets distributed. The action was commenced on the 13th day of October, 1894, and on that day notice was given of an application for the appointment of a receiver, and in the meantime a temporary

injunction was issued staying all proceedings on the part of the company and restraining the paying out or transferring of any of its property or the disposing of its assets.   October 30th a temporary receiver was appointed, and on January 10, 1895, final judgment was entered dissolving the corporation and appointing a permanent receiver.   The company had previously issued to Thomas Miller two policies of insurance in the sum of $5,000 each, known as the yearly renewable term policies, on which the premiums were payable bimonthly. One policy was issued to Marian M. Miller and the other to Ellen Miller, the daughters of Thomas Miller.   He died January 15th, 1895, five days after the final judgment dissolving the corporation.   The premium had been paid up to the first day of December, 1894, the last payment having been made October 1st, 1894.   The claimant, as guardian for these daughters, insists that the value of the policies should be based on the fact of the death of Miller.   The referee refused to compute the claim upon this basis, holding that no rights of creditors could be changed or enlarged after the commencement of the action by the attorney-general to dissolve the corporation, and that the claimant's status as a creditor was fixed as of that date and he reported accordingly.   The report was confirmed at Special Term and affirmed in the Appellate Division.   In allowing the appeal to this court the following has been certified for our determination: " Whether the claims filed by R. Stuart Miller, guardian, etc., under the two ·policies issued to Thomas Miller for $5,000, should be allowed by the receiver of The Commercial Alliance Life Insurance Company at their value to be ascertained and determined by considering the fact of the death of said Thomas Miller which occurred on January 15th, 1895, after the dissolution of said corporation, but before proofs of claim were duly filed ; or whether the amount of said claims must be fixed and determined on and as of said 13th day of October, 1894, when proceedings for the dissolution of said corporation were initiated and without regard to the subsequent death of the assured."

We think this question is fully answered in the case of *Equitable Reserve Fund Life Association of the City of New York* (131 N. Y. 354), and in that of *Life and Reserve Association of Buffalo* (150 N. Y. 94). It is true that in these cases the constitution and by-laws of mutual benefit associations were under consideration by the court, but we are unable to see why the conclusion reached in those cases does not apply with equal force to that now under consideration. The attorney-general, acting under the authority conferred upon him by the statute, brought the action to have the charter of the defendant annulled. On the same day he procured a temporary injunction restraining the company practically from doing business until a receiver could be appointed, and within a few days thereafter procured the appointment of a receiver. It was the arm of the law taking hold of a corporation for the purpose of stopping its business and distributing its assets. Judgment was subsequently entered for the relief demanded, establishing the charge that the corporation was insolvent at the time the action was commenced. The judgment relates back to the commencement of the action and became effective as of that time, and thereafter the company could not require the payment of premiums or insist upon forfeitures. It is the day on which the court practically takes possession of the assets of the company for the purpose of distribution among its creditors, and consequently is the day on which the rights of creditors should be ascertained and the value of their claims determined. We are aware that this rule must, of necessity, result in some hardship. The health of policyholders may, in some instances, become impaired and to such an extent that they may be unable to reinsure in other companies. Disease may have so far advanced in some as to make it reasonably certain that death will not be long postponed, and yet it would be wholly impracticable, if not physically impossible, to enter upon the examination as to the physical condition of every policyholder of an insolvent company, and would so far retard and delay the distribution of the assets as to make its admin-istration practically impossible. Individual claims must, there-

fore, give way to the greater claims of the masses, and to a wise public policy which demands an early distribution of the assets. In the case of *The Equitable Reserve Fund Life Association* (*supra*) PECKHAM, J., in delivering the opinion for the court, says : " In this case the proceeding had for its end the dissolution of the company.   We hold that after the commencement of the proceedings no assessments need be levied or paid, and if the proceedings terminate in dissolution, the status of the claimants at the commencement of the proceedings is the proper one upon which to base the distribution.   If not dissolved, other considerations obtain which the court in such a case will give the proper weight to."   And again he says : " The holders of death claims must also have their status defined as of the date of the commencement of the proceedings, which date is the same, I believe, as the appointment of the temporary receiver.   Those certificate holders who died after that date have no claims upon the death fund, but their representatives share in the reserve fund as already stated."

In the case of *Carr* v. *Hamilton* (129 U. S. 252) it is said : " By that act (the insolvency and going into liquidation) the company becomes *civiliter mortuus*, its business is brought to an absolute end, and the policyholders become creditors to an amount equal to the equitable value of their respective policies, and entitled to participate *pro rata* in its assets.   *   *   * A settlement of the company's affairs cannot be postponed to await the determination of every contingency on which its policy engagements are suspended.   This would postpone a settlement for at least half a century.   Every person's interest in life insurance is capable of instant and present valuation, almost as certain and determinate as the discount of a note or bill payable in the future.   Tables of mortality and of all values dependent thereon are adopted by every company, and furnish an assured basis of computation for this purpose."

In *Dean & Son's Appeal* (98 Pa. St. 101) it is said : " We see no reason why the same principle (referring to the rights of creditors in a voluntary assignment as being fixed as of

the date of the assignment) shall not be applied to the case of
an insolvent corporation which has been dissolved by a decree
of the court.   The corporation is dead for every purpose.
But one duty remains, and that is to distribute its assets among
its creditors, even this the corporation is powerless to do, and
the act of assembly devolves that duty upon a receiver to be
appointed by the court.   Who are the creditors entitled to par-
ticipate in the distribution?   Clearly those who were such at
the time of the dissolution of the corporation.   At that time the
appellants were creditors to the extent of the premium they had
paid.   Beyond this they had no claim upon their policy, for no
loss had occurred.   A possibility of loss in the future would
not be a claim upon the assets, and if it were it would be com-
mon to all policyholders.   The distribution of the assets was an
immediate duty on the part of the receiver.   Its delay is due
merely to the fact that time is necessary to realize them.   If,
therefore, distribution had been practicable immediately after
the appointment of the receiver the appellants would have
received only a dividend upon the premium they had paid.
Does the fact that the distribution was necessarily delayed
change the rights of the parties, and introduce a new class of
creditors who were not creditors at the time of the dissolu-
tion?   We find neither reason nor authority for such a propo-
sition." (See, also, *Burdon* v. *Mass. Safety Fund Assn.*,
147 Mass. 360; *Fogg* v. *Supreme Lodge of United Order of
Golden Lion*, 159 Mass. 9; *Commonwealth* v. *Am. Life Ins.
Co.*, 162 Pa. St. 586; *Ingersoll* v. *Missouri Valley Life Ins.
Co.*, 37 Fed. Rep. 530, and *N. Y. Life Ins. Co.* v. *Statham*,
93 U. S. 24.)   We are aware that the earlier cases in this
court are not in complete accord with the views herein
expressed (see *People* v. *Security Life Ins. & Annuity Co.*,
78 N. Y. 114; *Atty.-Gen.* v. *Guardian Mutual Life Ins.
Co.*, 82 N. Y. 336, and *Atty.-Gen.* v. *Continental Life Ins.
Co.*, 88 N. Y. 77); but upon a careful review of the question
we have reached the conclusion that the later authorities
should be followed.

The answer to the question certified is that the claims must

1897.] Peo. ex rel. Wiebusch & H. Co. v. Roberts. 101

N. Y. Rep.]                    Statement of case.

be fixed and determined on and as of the 13th day of October, 1894, when the proceedings for the dissolution of the corporation were initiated and without regard to the subsequent death of the assured.

The order appealed from should be affirmed, but, under the circumstances, without costs.

All concur.

Order affirmed.