## ATTORNEY GENERAL *vs.* EQUITABLE ACCIDENT INSURANCE ASSOCIATION.

Suffolk.    December 6, 1899. — January 5, 1900.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

*Assessment Insurance — "Accrued Claims" — Emergency Fund.*

A person was insured in an assessment insurance company against loss of time by reason of accidental bodily injuries at a certain rate per week, or, in case of death resulting from the injuries within ninety days thereafter, for a stated sum. He received accidental bodily injuries on June 28, and died as a result thereof on August 31; a receiver of the company having been appointed in the interim on August 12, on a bill filed August 9. Section 14 of St. 1890, c. 421, provides that in case of insolvency any unexpended portion of the emergency fund is to be first applied in the payment of "accrued claims." *Held*, that the claim for death was not an accrued claim, and that claims for disability were divisible and had accrued only to the time of the filing of the bill.

PETITION for instructions by the receiver of the Equitable Accident Association, setting forth the insolvency of the association, the bill filed against it on August 9, 1898, for the appointment of the receiver, the receiver's appointment on August 12, 1898, the casualty insurance business carried on by the association, as defined in St. 1890, c. 421, entitled "An Act relating to assessment insurance," insuring persons against loss of time by reason of accidental bodily injuries, at a certain rate per week during the continuance of disability, not to exceed fifty-two weeks; or, in case of death resulting from said injuries within ninety days thereafter, to pay a stated sum, being the face of the policy, to the beneficiary therein named.

Section 14 of said chapter provides that in the event of insolvency the receiver is to administer any unexpended portion of the emergency fund, " first, in the payment of accrued claims upon certificates or policies."

One Caroline E. Bill, the intervening petitioner, was a creditor of the association, as a beneficiary, upon a death claim upon a policy issued to Frederic A. Bill, and her claim had been allowed by the receiver as an accrued claim under § 14 of the above statute, the death having occurred prior to the date of the filing of the bill for the receiver.

One Hannah J. West, as beneficiary under a policy issued to Walter H. West, who received accidental injuries on June 28, 1898, and died as a result thereof August 31, twenty-two days after the bill was filed, presented a claim to the receiver for the full death claim of $5,000 under the policy to be allowed by him as an accrued claim within the meaning of the statute.

The receiver allowed it as a claim, but not as an accrued claim under the statute, the petitioner opposing its allowance as an accrued claim. The amount of the emergency fund in the receiver's hands is insufficient to pay all accrued claims in full.

*Holmes*, C. J., reported the case for the consideration of the full court.

*W. Keyes*, for the receiver, read the papers in the case.

*J. H. Appleton*, for Caroline E. Bill.

*F. S. Hesseltine*, for Hannah J. West.

HOLMES, C. J.   It may be assumed that the time when the bill was filed, namely, August 9, 1898, is the time at which the

claims must have accrued in order to come within St. 1890, c. 421, § 14.  *Attorney General* v. *Massachusetts Benefit Life Association,* 171 Mass. 193, 194.

1.  At that time the accident had happened which resulted in the death of West, and it is contended that the claim had accrued, although the death did not occur until August 31.  It is argued that the insurance is "against bodily injuries," that the liability arose with the injury, and that all that happened afterwards was simply the inevitable process of mechanical cause and effect, as theoretically certain from the beginning as an eclipse, — conditions of an action, perhaps, but not of liability.  We are unable to agree to the argument.  The contract is not a general undertaking to pay for bodily injuries, notwithstanding the introductory words.  It is only an insurance against them " in the manner following," namely, an undertaking to pay so much for loss of time on certain conditions, so much for loss of a hand, so much for death, etc.  The time or the hand must be lost, or the death must have happened, before the company's obligation to pay arises.  That it is theoretically certain to happen is not enough, either by the words of the policy or the reason of the thing.  If theoretic certainty were enough, the same reasoning might regard the claim as accrued from the making of the policy, or, if we reject free will, from the beginning of the world. The law does not trouble itself very much with such philosophic difficulties.  The practical uncertainty arising from the ignorance of men is enough to be uncertainty in its eyes.  A policy of insurance, or a wager, is good, so far as this objection goes, upon a future event depending upon purely mechanical sequences, or, for the matter of that, upon a fact in the past. Striking a mortal blow does not get its character at common law, as murder or otherwise, until the death has happened within or beyond the year and day.  4 Bl. Com. 197, 198.  If the theoretic certainty of the event gave character to the act, the length of time before it came to pass would make no difference.  No claim had accrued for the death of West on August 9, because he had not died on that day, and it was not legally certain that he would die because of his accident, supposing that that would have been enough, which the decisions indicate that it would not have been.  See *People* v. *Commercial*

*Alliance Ins. Co.* 154 N. Y. 95; *Mayer* v. *Attorney General,* 5 Stew. 815, 823; *In re Educational Endowment Association,* 56 Minn. 171.

2. On the principle and analogy above stated, we are of opinion that the claims for disability have accrued only to the time of the filing of the bill. A claim of this sort does not accrue as a whole. It is not one from the beginning. See *May* v. *Gloucester,* 174 Mass. 583. *Decree accordingly.*