PEOPLE v. METROPOLITAN SURETY CO.

(Supreme Court, Appellate Division, Third Department. December 28, 1911.)

1. INSURANCE (§ 51*)—SURETY COMPANY—INSOLVENCY—DISSOLUTION—CLAIMS.
   Where a claim against a party, for whose performance of an obligation a surety company had given its bond, was not reduced to judgment until after judgment of dissolution had been rendered against the surety company, the claim against the surety did not ripen until that time, and, as all claims against the surety company must be liquidated as of the date of dissolution, the holder of the bond had no right to have his claim thereunder allowed by the receiver.
   [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 51.*]

2. PRINCIPAL AND SURETY (§ 147*)—RIGHTS OF CREDITOR—RESORT TO INDEMNITY TO PRINCIPAL.
   Where plaintiff cannot enforce a claim on a surety bond held by it because the surety company was dissolved for insolvency before the creditor had obtained judgment against the party primarily liable, he is entitled to the benefit of any indemnity deposited with the surety by the one primarily liable.
   [Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 402–412; Dec. Dig. § 147.*]

   Kellogg, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Albany County.

Action by the People of the State of New York against the Metropolitan Surety Company, in which Henry Y. Fleet became a claimant against the defendant. From an order confirming the report of a referee disallowing his claim, Fleet appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Alfred T. Davison, for appellant.
Edward R. Finch, for the People.

PER CURIAM. [1] The authorities seem to be conclusive that the appellant is not entitled to have his claim allowed by the receiver because the claim did not ripen until he obtained his judgment against the attached debtor, which event did not transpire until after the judgment of dissolution against the respondent surety company was rendered. People v. Commercial Alliance Insurance Co., 154 N. Y. 95, 47 N. E. 968; People v. Merchants' Trust Co., 187 N. Y. 293, 79 N. E. 1004; People v. American Loan & Trust Co., 172 N. Y. 371, 65 N. E. 200; Fera v. Wickham, 135 N. Y. 223, 31 N. E. 1028, 17 L. R. A. 456; Attorney General v. Equitable Accident Insurance Association, 175 Mass. 196, 55 N. E. 890; Goding v. Rosenthal, 180 Mass. 43, 61 N. E. 222; Casualty Insurance Company's Case, 82 Md. 535, 34 Atl. 778.

[2] If, however, the Nolan Commission Company, the property of which was attached, deposited the attached money or other collateral security with the surety company to indemnify it on its undertaking, under the principle enunciated in People v. Metropolitan Surety Company, 132 N. Y. Supp. 829 (decided herewith), the present claimant can have such security transferred to himself.

The present order, however, denying him the right to have his claim allowed, must be affirmed, with $10 costs and disbursements.

JOHN M. KELLOGG, J. (dissenting). Where a defendant is admitted to bail, he is supposed to be in the custody of his surety, and the responsibility of the surety is gauged in great part by that consideration. In this case the plaintiff had actually attached $1,920 in cash, which upon the execution of the bond in question the law required to be released. It may fairly be considered to have been turned over to the custody of the surety or at his request upon his promise to refund it if a refund was required. I think it is not such a conditional promise as is referred to in People v. Commercial Alliance L. Ins. Co., 154 N. Y. 95, 47 N. E. 968, but is a promise to repay the money which has been surrendered on its account when required. I therefore favor a reversal of the order.