### PEOPLE v. METROPOLITAN SURETY CO.

### A. BALDWIN & CO., Limited, v. SAME.

(Supreme Court, Appellate Division, Third Department. March 6, 1912.)

Appeal from Special Term.

Action by the People of the State of New York against the Metropolitan Surety Company. From an order denying relief to intervener, A. Baldwin & Co., Limited, for materials furnished to a contractor for public work, it appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Thomas Carmody, Atty. Gen., for the People.
Leopold B. Pollak, for appellant A. Baldwin & Co.
Edward R. Finch, for Receiver of Metropolitan Surety Co.

PER CURIAM. Order affirmed, without costs—the court holding, first, that defendant's liability must first be determined in the manner prescribed by the United States statute; second, that at the time of the insolvency of the defendant the claim of the plaintiff had not so far ripened as to entitle the plaintiff to any share in the distribution of its assets.

JOHN M. KELLOGG, J. (dissenting). The appellant sold and delivered to the contractor between July 3, 1907, and December 13, 1907, merchandise of the value of $984.31. It does not appear that any term of credit was agreed upon, and we therefore assume that the obligation of the government contractor was then complete, and that the moneys were then payable to the appellant. One condition of the bond is that the obligors "shall promptly make full payments to all persons supplying it labor or materials in the prosecution of the work provided for in the contract." The obligation of the Surety Company was fixed in December, 1907, and the case is therefore entirely dissimilar from People v. Commercial Alliance Insurance Co., 154 N. Y. 95, 47 N. E. 968, where the liability was contingent at the time of the commencement of the action for dissolution. It is evident that the appellant has a valid claim against the fund which is in the hands of a court of equity for distribution. The terms of the bond fix the liability and give the appellant an interest in the fund.

The federal statute under which the bond was given (Act Feb. 24,

1905, c. 778, 33 Stat. 811 [U. S. Comp. St. Supp. 1909, p. 948]) contemplates that, if the United States brings an action on the bond, the creditor shall intervene. If it does not bring such action within six months, the creditor may apply to the department under which the work is done, and obtain a copy of the bond and contract, and bring an action thereon for his own benefit, but in the name of the United States, in the Circuit Court of the district where the contract was to be performed, in which case proper notice of such action must be given, so that any other creditors may intervene; the intention being that but one action shall be brought upon the bond, and, if the amount recoverable shall not be sufficient to satisfy all persons having equal claims, then that they shall share pro rata. This statute permits the surety to pay into court the penalty of the bond for distribution among the parties fairly entitled to it. Here the Surety Company did not voluntarily pay the penalty of the bond into court, but by the action of the court it has been dissolved, and its assets have been taken into the custody of the court for distribution among the parties entitled thereto. When money is in the custody of the law, it is unnecessary and impracticable to bring an action to recover it. It is already recovered from the debtor, and it only remains for the court to distribute it among the parties fairly entitled to it.

An affirmative action, such as is contemplated by the statute, cannot therefore be had in this case, as the Surety Company has been deprived of its existence. Its assets only remain for distribution by the court. The statute in question, which prescribes when and where an action shall be brought, has no reference to a case where a state court has legally obtained possession of the fund for distribution among the creditors of a corporation which was organized under the state law and is dissolved by the judgment of its courts. The mere fact that the appellant does not and cannot bring an action, because the courts have deprived its debtor of its property and existence and have directed a distribution of its assets among the parties entitled thereto, does not deprive the appellant of its legal interest in the fund. The statute does not purport to determine how a state court shall marshal assets in its charge, but only prescribes where and when an action shall be brought, in case one is to be brought.

The appellant is fairly within the terms of the bond, and is entitled to share in the proceeds of the money in court, which cannot be distributed equitably among the parties entitled thereto unless all the parties having an interest therein can be heard and such interest adjudicated. The safeguards intended by the statutes should be observed, and the court should require proper notice to be given, so that the United States or any other creditors having an interest in said fund may be heard.

The order appealed from should therefore be reversed, and the matter remitted to the referee, with directions to cause the proper notices to be given as contemplated by the statute, and thereupon to hear and determine the appellant's claim and interest in the fund, with costs to the appellant, payable out of the fund, to abide the event.