**JOHNSTON v. DAVIS et al.**

(Court of Appeals of District of Columbia. Submitted May 5, 1925. Decided June 1, 1925.)

No. 4188.

Receivers ⬅75 — Accommodation indorser, paying note of insolvent corporation after filing of petition for dissolution, is not entitled to set off sum paid against debt due corporation from him.

Accommodation indorser, paying note of insolvent corporation after filing of petition for its dissolution, is not entitled to set off sum thus paid, including attorney's fees, against debt due from him to corporation; his rights as creditor of corporation having accrued after filing of petition.

Appeal from Supreme Court of District of Columbia.

In the matter of the receivership of C. M. Woolf & Co. From an order dismissing the petition of L. Morgan Johnston, praying that Floyd E. Davis and Waldo M. Ward, receivers, be directed to allow set-off claimed, petitioner appeals. Order affirmed.

J. C. Mackall, of Washington, D. C., for appellant.

W. W. Millan and R. E. L. Smith, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from an order of the lower court dis-

missing a petition wherein appellant sought leave, in a settlement with the receivers of an insolvent corporation, to set off a debt due to him from the corporation, against a debt which he owed to it. The following statement sufficiently sets out the controlling facts in the case:

On March 29, 1923, a petition was filed in the Supreme Court of the District of Columbia by certain stockholders of C. M. Woolf & Co., a local corporation, for its dissolution. In the petition it was alleged that the corporation was solvent, but subsequently it was found to be insolvent. On April 2, 1923, the appellees were appointed temporary receivers. On July 30, 1923, a decree was entered dissolving the corporation and appointing appellees as permanent receivers to wind up its affairs.

On February 28, 1923, the appellant, who was a stockholder, director, and vice president of the corporation, but took no part in the active management of its affairs, became the accommodation indorser for the corporation upon a certain promissory note for $1,800, payable 30 days after said date. This note was discounted before maturity for the benefit of the corporation at a local bank, and was held by the bank at and after the time when the proceedings for the dissolution of the corporation were begun. The note was not paid when due. It was then protested for nonpayment, and placed in the hands of attorneys for collection. Demand was made upon appellant for payment, and on July 12, 1923, he paid the note, together with an attorney's fee of $90; the latter being demanded of him by virtue of a printed notation on the note as follows: "With an attorney's fee, if cash payment shall not be made at maturity." A formal proof of claim against the corporation because of this payment was duly filed by appellant with the receivers.

At the time when the petition for dissolution was filed appellant was indebted to the corporation for merchandise in the sum of $1,800.10, which debt was then overdue, and appellant claimed the right to set off the amount paid by him upon the said note, against the indebtedness due from him to the corporation. This claim was refused by the receivers, whereupon appellant filed a petition praying that the receivers be directed to allow such a set-off. The court dismissed the petition, and this appeal was taken.

The decisive question in the case, therefore, is whether the payment of a promissory note of an insolvent corporation by an accommodation indorser, if made after the filing of a petition for its dissolution, would entitle the indorser to set off the sum thus paid against a debt due from him to the corporation. The lower court answered this question in the negative, and we agree with its decision. The rights of the creditors of the insolvent corporation became fixed when the action was begun for its dissolution, and no creditor could subsequently acquire any rights entitling him to a larger participation in its assets. Dean's Appeal, 98 Pa. 101; Chipman v. Bank, 120 Pa. 86, 13 A. 707; Huse v. Ames, 104 Mo. 91, 15 S. W 965; Mechanics Bank of Detroit v. Stone, 115 Mich. 648, 74 N. W. 204; Fera v. Wickham, 135 N. Y. 223, 31 N. E. 1028, 17 L. R. A. 456; People v. Commercial Insurance Co., 154 N. Y. 95, 47 N. E. 968; Oatman, Assignee v. Batavian Bank, 77 Wis. 501, 46 N. W. 881, 20 Am. St. Rep. 136; Spaulding v. Backus, 122 Mass. 553, 23 Am. Rep. 391; In re Bingham (D. C.) 94 F. 769.

The petition for dissolution was filed before the indorsed note became due and payable, and at that time appellant was only contingently liable upon it. His liability first became absolute when the note was protested, and he did not become an actual creditor of the corporation until the time when he paid the note. He thereby became subrogated to the rights which the bank possessed as a creditor against the assets in the hands of the receivers, and accordingly was entitled to share in their distribution in the same manner only as the bank would have been.

The court below also refused to require the receivers to allow the attorney's fee paid by appellant as a valid claim against the assets of the corporation. The record does not show this ruling to be erroneous.

We affirm the order of the lower court, with costs.