## In re Mountain City Trust Company

*Hare & Hare,* for exceptant; *C. B. Wray,* contra.

PATTERSON, P. J., December 8, 1932.—This is a case stated to determine whether or not a bank holding several notes against an individual who dies before the notes become due has the right to apply funds on deposit in said bank in the name of the executrix of the deceased in payment of the notes of the deceased debtor, said fund representing deposits by the executrix from time to time subsequent to the debtor's death. No part of the funds represents a balance of account in the name of deceased.

Elwood S. Raugh, late of the City of Altoona, Pa., deceased, was at the time of his death indebted to the Mountain City Trust Company in the sum of $17,300, evidenced by three notes, all of which became due subsequent to his death. R. Serena Raugh, the widow, was named executrix of the last will and testament of the said Elwood S. Raugh, and from time to time realized moneys from the assets of said testator's estate aggregating the sum of $8,677.76, which she deposited in her name as executrix in the said Mountain City Trust Company. The said Mountain City Trust Company later went into the hands of the Secretary of Banking of the Commonwealth of Pennsylvania for liquidation, and in closing up the affairs of the bank the receiver in charge applied all of the sum of $8,677.76 on deposit in the name of the executrix in payment of the obligations due the said trust company by the said Elwood S. Raugh.

We think that the application of such funds for this purpose was irregular and not permitted by law. A bank unquestionably has the right to appropriate any funds on deposit in the name of the debtor, but not in the name of the

executrix, it being admitted that the decedent was insolvent at the time of his death and that his estate was insolvent at the time that the set-off was claimed.

In Trestrail, Admr., v. Johnson, 298 Pa. 388, the Supreme Court clearly defines the limitation applicable to trust funds in the following language:

"Generally speaking, in all cases where the ownership of the fund itself has been in dispute, and not the right to administer it, the court has been particular to do nothing which would disturb in the slightest the fund reaching its destined lawful end, without unnecessary risks that might come if a more liberal policy was adopted, it being conceded the fund was a trust or one that can be called such."

Where the claim is not due at the death of the decedent and the funds pass into the hands of the personal representative for administration in accordance with the direction of the law, and the estate is insolvent, set-off is not permissible: 24 C. J. 755-756, sec. 1868; Steel v. Steel, 12 Pa. 64; Hicks v. National Bank of Northern Liberties, 168 Pa. 638; Chipman v. Ninth National Bank, 120 Pa. 86; Skiles v. Houston, 110 Pa. 254.

The exception to the account filed, with reference to the alleged claim of set-off, is hereby sustained and the Secretary of Banking of the Commonwealth of Pennsylvania is hereby ordered and directed to release the said sum of $8,677.76 deposited in the name of R. Serena Raugh, executrix, to the account and credit of the said R. Serena Raugh, executrix, for the benefit of creditors and other parties entitled thereto.

From Robert W. Smith, Hollidaysburg, Pa.