### Municipal Court of the City of Boston

No. 269398
269398A

## BETH ISRAEL HOSPITAL
### (Plaintiff)

v.

## ROBERT J. ELLIOT
### (Defendant and Third Party Plaintiff)

v.

## BOSTON MUTUAL LIFE INSURANCE COMPANY

### (Third Party Defendant)

Argued: Oct. 13, 1972 - Decided: Oct. 26, 1972

*Present:* Adlow, C.J., Gillen, Foster, JJ.
Case tried to *Glynn, J.*

**Adlow, C.J.** Action of contract originally commenced by the Beth Israel Hospital against Robert J. Elliot, who impleaded the Boston Mutual Life Insurance Company.

The issue raised by this report involves the rights of Elliot, as Third Party plaintiff, to recover his hospital and medical expenses from the Boston Mutual Life Insurance Company, Third Party defendant.

On May 2, 1969, Elliot suffered injuries while landing on the ground after making a parachute jump from an airplane owned and operated by Parachutes, Incorporated of Orange, Massachusetts. This company oper-

ates its own airplanes for the purpose of sport parachuting. These planes have been modified and constructed specifically for the sole purpose of carrying parachutists. The company does not otherwise make its planes available for hire by regular passengers. On this day Elliot paid a fee to Parachutes, Incorporated for the purpose of making a parachute jump. He suffered injuries as a result of the jump, and was hospitalized at the Beth Israel Hospital from May 8 to May 13, 1969 and from July 24 to July 31, 1969. He became liable to the Beth Israel Hospital in the amount of one thousand three hundred and ninety-nine dollars and fifty cents ($1,399.50).

On the day of the accident, Elliot was a student at the University of Massachusetts and was insured under a Student Medical Reimbursement Policy by Boston Mutual Insurance Company. Said policy provided for reimbursement for medical expenses incurred by reason of bodily injuries, up to an amount not exceeding $2,500.00. The insurer denied liability for the reason that the policy provided that

"no payment shall be made for . . .

(6) Loss resulting from having been in or on an aircraft unless riding as a fare-paying passenger in a passenger aircraft operated by an incorporated passenger carrier."

At the close of the trial the Boston Mutual (Third Party defendant) filed requests for rul-

ings, the following of which the court granted:

(1) The plaintiff, Elliot, was not, prior to parachuting from the aircraft, "a fare-paying passenger in a passenger aircraft operated by an incorporated passenger carrier."

(2) Elliot is bound by the terms and provisions of the Master Policy and is not entitled to recover except as provided in said Master Policy.

(3) The Beth Israel Hospital cannot recover unless Elliot can recover against Boston Mutual.

The court refused to rule as requested by Boston Mutual Life Insurance Company that:

(1) The plaintiff (Elliot) cannot recover where the injury resulted from having been in or on an aircraft and was not a fare-paying passenger in a passenger aircraft operated by an incorporated passenger carrier.

(2) The injuries sustained by the plaintiff, Elliot, when parachuting from an aircraft and landing on the ground, were proximately caused by having been in or on said aircraft.

In making these rulings the court filed with its rulings the following findings of fact:

"I find that the defendant, the third party plaintiff Elliot, was injured as a result of a voluntary parachute jump. He was not a paying passenger on a commercial airliner and was in the aircraft for the sole purpose of making a parachute jump. I find that the jump was the sole, proximate and independent cause

of his injuries. His injuries did not result from "having been in or on an aircraft" as stated in exclusion No. 6 of the Master Policy issued by the third party defendant."

There was a finding for the plaintiff in the amount of $1,399.50, and the Third Party Defendant, being aggrieved brings this report.

At the outset it would not be inopportune to observe that if Elliot had received his injuries while he was a fare-paying passenger in a passenger aircraft operated by an incorporated passenger carrier, he would have been entitled to all the benefits conferred by the policy in issue. But he was not a fare-paying passenger in a passenger aircraft. The court has expressly found that he was not a paying passenger on a commercial airliner, but was in the aircraft for the sole purpose of making a parachute jump. The court further found that the jump was the sole, proximate and independent cause of his injuries. According to the court his injuries did not result from "having been in or on an aircraft."

In so finding the court ignored the fact that the professed purpose of Elliot in making an ascent in the plane was to jump from it after attaining some prearranged height. The jump from the plane was inextricably involved in the ascent of the plane. Actually the jump was merely an extension of the original flight. Both the ascent and the drop were within the orbit of the mission. To separate one phase of the

operation from the other is to distort the facts. It also disregards the palpable fact that the parachute is a type of flying device designed to assist one in descending from great heights. When Elliot jumped from the plane into the air he merely transferred from one type of aeronautic device to another, relying on the parachute to safely deposit him to the ground. The change of means of transportation did not change the airborne nature of the enterprise. In a similar vein one who riding alone in a glider suffers injury has been held engaged in an aviation operation. *Irwin* v. *Prudential Insurance Co.*, 5 Fed. Supp. 382. *Wendorff* v. *Missouri State Life Ins. Co.*, 318 Mo. 363; 1 S.W. 2nd 99, 100.

While it is difficult to ascertain with scientific accuracy what the proximate cause of many mishaps may be, in the case of aeronautic accidents, the courts have taken a realistic position and have attributed the fall from great heights to be the proximate cause of the ensuing injury. *Neel* v. *Mutual Life Ins. Co.*, 131 F.2d 159. *Howard* v. *Equitable Life Assur. Socy.*, 359 Mass. ——. When Elliot jumped from the plane he was a passenger on it. It was the act of jumping from the plane that was the proximate cause of the plaintiff's injuries. The failure of the parachute to slow the descent was merely coincidental. To ascribe the cause of the serious injuries to the failure of the parachute to provide a safe landing,

and to ignore the height from which the plaintiff fell, is to indulge in pure casuistry. ''The law does not trouble itself with such philosophic difficulties.'' *Attorney General* v. *Accident Assoc.*, 175 Mass. 196. *Order of United Commercial Travelers* v. *King*, 161 F.2d 108 (4th Circuit). *Wendorff* v. *Missouri State Life Ins. Co.*, 318 Mo. 363; 1 S.W. 2nd 99,100. *Neel* v. *Mutual Life Ins. Co.*, 131 F.2d 159. *Howard* v. *Equitable Life Assur. Socy.*, 359 Mass. ——.

In the chain of events which in the aggregate bring about injury, the law looks to the act which, in the sequence of events, is most likely to produce the mischief. There have been countless occasions when men jumping from airplanes have suffered injuries even though the parachute opened. To jump from a chair or short ladder would be comparatively harmless, while to jump from an appreciable height would be vastly different. The hazards to the parachutist become greater and greater with the increasing height. At the same time a minimal height is prescribed, where a parachute is employed, by reason of the time required for the parachute to open and provide an aircushion to retard the fall. As a result the jumping point which a parachutist requires can only be attained by the employment of an airplane, a balloon or a glider. It is because this jumping point can only be reached by the use of these types of aircraft that the courts regard the airplane which carried the parachutist as the

proximate cause of any ensuing injury. *Mc-Donald* v. *Snelling*, 96 Mass. 290. *Bird* v. *St. Paul Fire & Marine Ins. Co.*, 224 N.Y. 47. Courts have been realistic in regarding as a predominant cause of such injuries that the victim was either on a plane at the time of the accident or fell from it. The court erred in refusing to rule that the plaintiff's injuries were the proximate consequence of being on an airplane. Finding for Third Party Plaintiff vacated. Finding to be entered for Third Party Defendant.

WILLIAM S. HAWKES of Boston
    for the Third Party Plaintiff
EDWARD L. LANE and WILLIAM J. MCCLUSKEY,
    both of Boston
    for the Third Party Defendant
    Boston Mutual Insurance Company