# Russell *against* Shuster.

In trespass against a constable for arresting the plaintiff and imprisoning him, the declaration stated it to have been done without reasonable or probable cause. *Held*, 1. That the defendant might under the general issue give evidence of the contents of the plaintiff's trunk for the purpose of showing he was addicted to burglary. 2. That the character of the plaintiff could not be given in evidence in mitigation of damages.

ERROR to the District Court for the city and county of *Philadelphia.*

This was an action of trespass *vi et armis*, brought by Jacob Shuster against William Russell and Charles Downer. The declaration charged the defendants with arresting the plaintiff and taking him to the mayor's office and imprisoning and keeping and detaining him in prison there, without any reasonable or probable cause, for four days, &c. The defendants pleaded not guilty with leave.

On the trial the plaintiff called the mayor of the city, who tes-

[Russell v. Shuster.]

tified that the plaintiff, Shuster, *alias* Hand, was brought to his office by the defendants on the 13th March 1842. That he committed him for a further hearing. He thought the proof authorized the belief that he had been committing an offence elsewhere. The evidence was such as to make it proper to hold him. They had no process. The plaintiff was discharged by him from Moyamensing prison, after three days, because no offence was charged against him. There was an examination of Shuster's baggage with his own consent. That the greater part of the evidence was from the trunk and its contents, and from Shuster's past habit of life.

The defendants then asked the witness to state the contents of the trunk, for the purpose of showing that the plaintiff was addicted to burglary. The plaintiff objected; the court rejected the evidence, and the defendants excepted.

The defendants then offered to give in evidence the character of the plaintiff in mitigation of damages. This evidence was rejected by the court, and the defendants excepted.

The two bills of exception were the subject of the errors assigned.

*M'Call* and *C. Gilpin,* for the plaintiff in error, cited 6 *Binn.* 316; 5 *Vin. Ab.* 436, *pl.* 19, "*Constable;*" *Burns' Justice,* "*Arrest;*" 1 *Williams's Justice* 194–5; *Dougl.* 359; 6 *Barn. & Cres.* 635; 2 *Car. & Payne* 361; 1 *Carr. & Marsh.* 513, (41 *E. C. L.* 280); 2 *Stark. N. P.* 69; 1 *Alabama R.* 407; 1 *Saund. P. & E.* 121; 2 *Ibid.* 15; 2 *Esp.* 721; 2 *Phil. Ev.* 258; 1 *Carr. & Marsh.* 414, (41 *E. C. L.* 228).

*H. Hubbell,* contra, referred to 1 *Chitt. Pl.* 492; *Rosc. Ev.* 38, 298, 304, 372; 3 *Stark. Ev.* 1360.

The opinion of the Court was delivered by

GIBSON, C. J.—A constable may justify an arrest for reasonable cause of suspicion alone; and in this respect he stands on more favourable ground than a private person, who must show, in addition to such cause, that a felony was actually committed. The difficulty in regard to the first bill of exceptions before us, is to determine whether circumstances of suspicion which might have been pleaded in justification, as it is said the circumstances which would have been disclosed by the rejected evidence might have been, were competent to go to the jury under the general issue in mitigation of damages. The objection rests on the rule which requires matter of justification to be pleaded specially. At the first blush, one would not perceive a reason to preclude a party who had waived the benefit of a full defence, from showing the purity of his motives to shield him from exemplary damages; and there is in truth none except that the plaintiff is not apprized by

[Russell v. Shuster.]

the pleadings of the defendant's intention. Yet where the defendant is not at liberty to apprize him by pleading in justification, the matter is for that very reason allowed to be given in evidence. But whatever inconsistency there may seem to be in point of principle, it is certain that where the plaintiff had charged want of probable cause in his declaration, and thus evinced a readiness to meet the defendant on that ground, it was ruled in *Rowcliffe* v. *Murray*, (1 *Car. & Marshm.* 513), that the charge may be rebutted; and the point was not ruled on the 21 Jac. 1, c. 12, which allows special matter in certain cases to be given in evidence under the general issue, but on the principles of the common law. That case is in point; for the declaration before us charges the arrest to have been without probable cause; and if, as it is asserted, the plaintiff's trunk contained the instruments of a burglar, the defendants should have been allowed to show it. It is not the business of the officers to handle these people with gloves; and where they have, in strictness, transcended the authority of the law, they should be allowed to show that they had not molested them wantonly or inconsiderately.

But proof of the plaintiff's character was properly excluded. There are undoubtedly analogous cases in which the law has been held differently; for instance, *Leicester* v. *Walter*, (2 *Camp. N. P. C.* 251); *Williams* v. *Callender*, (*Holt's N. P.* 307); *Miles* v. *Spencer*, (*Ibid.* 534); and —— v. *Moor*, (1 *M. & S.* 284; all but the last, decided at Nisi Prius. But the doctrine was fully considered, and the incompetency of such evidence deliberately settled in *Jones* v. *Stevens*, (11 *Price* 283). The ground taken in the concurrent opinions of the barons of the exchequer, trite, but not the less true, is that a party whose character is not put in issue, is not bound to hold himself in perpetual readiness to defend it; otherwise, it was said, " any man might fall a victim to a combination made to ruin his reputation and good name, even by means of the very action he should bring to free himself from the effects of malicious slander." The second bill of exceptions, therefore, is not sustained.

Judgment reversed, and *venire de novo* awarded.