# Isaiah Collins et al., Plffs. in Err., *v.* R. W. McKee, Cashier, To Use of Simon Truby, Jr.

Where a private banking company assigned its property for the benefit of creditors, including a judgment against plaintiff in error, the judgment will not be opened, on his application, in order to permit a set-off by him of a demand against the banking company which he did not acquire until after the assignment.

It was necessary for the plaintiff in error, in order to open the judgment and set off the demand, to show affirmatively that he was the bona fide holder of it for value prior to the delivery of the deed of assignment.

Where the acquisition of title to the demand and the creation of the trust for the benefit of creditors both occurred on the same day, plaintiff in error can show which event was first in order of time.

(Decided October 25, 1886.)

Error to the Common Pleas of Armstrong County to review a judgment on a verdict directed for plaintiff in an action of debt on a judgment note.   Affirmed.

March 15, 1882, the Fairview Deposit Bank, a private banking company, suspended business, and on March 17, thereafter, made a general assignment to Simon Truby, Jr., for the benefit of creditors.   At the time of its failure the bank held a judgment note, given to McKee as cashier by Isaiah Collins, with Doyle and Hindman as sureties, for the sum of $300.00.   At the December term, 1882, of the court below, judgment was entered thereon.   December 31, 1882, Isaiah Collins filed a petition asking to have said judgment opened, representing that he had a legal defense and set-off to the whole of it.   The material part of the petition is set out in the opinion.

Pursuant to the request of such petition a rule to show cause was granted, and proceedings after levy were stayed.   The judgment was thereafter opened generally, and it was directed that the note filed stand as a *narr.* in debt, and that under the plea of payment raised by defendant in his petition, he should give in

NOTE.—Where claims against an assignor are sought to be set off as against an assignee for the benefit of creditors it must appear that the claim is bona fide (Jordan v. Sharlock, 84 Pa. 366, 24 Am. Rep. 198); and was due to the holder prior to the assignment (Haver v. Lancaster County Nat. Bank, 3 Lanc. L. Rev. 52; Chipman v. Ninth Nat. Bank, 120 Pa. 86, 13 Atl. 707); unless he can prove that the assignor is solvent. Nesbitt v. Dodson, 3 Kulp, 516.

evidence all legal testimony upon the matter set forth in the petition. The material part of defendants' evidence as given on the trial is set forth in the opinion. The court withdrew the evidence of the defendants from the consideration of the jury, and directed a verdict for the plaintiff for the amount of the note and interest upon which judgment was entered; and defendants took this writ, specifying *inter alia* as error the action of the court in directing the verdict as above stated.

*Buffington & Buffington,* for plaintiffs in error.—At the assignment the note not due passed to the assignee, subject to the equitable defense of the bank then having the certificate of deposit on hand. The subsequent acts of the assignee were nothing other than to settle the estate on the basis of its status at the time of the assignment. Jordan v. Sharlock, 84 Pa. 368, 24 Am. Rep. 198; Light v. Leininger, 8 Pa. 404.

James Collins was indebted to Isaiah on an account; the agreement was to take the certificate of deposit on this account. No question of purchase for value arises; it is not a purchase of a note, but a transfer of the right to a sum on deposit. There was no need of a written transfer as between the parties, if there was an intention to part with ownership. Bispham, Eq. § 167.

The debtor need not assent to the transfer. Id. § 198.

It is doubtful whether the debtor could raise this question of consideration. McGowan v. Budlong, 79 Pa. 472.

If there was an agreement to transfer ownership, the mere indorsement of the certificate could be done at any time; it was a mere incident, immaterial when done. Equity would consider it as done. Lightner's Appeal, 82 Pa. 305.

We had the right to become the owner of the certificate for the purpose of set-off at any time before notice of the assignment. Miller v. Kreiter, 76 Pa. 81; Northampton Bank v. Balliet, 8 Watts & S. 318, 42 Am. Dec. 297.

*M. F. Leason,* for defendant in error.—This was a judgment opened, and did not thereby become the subject of set-off generally. The judgment was admittedly regularly entered, and the defalcation act does not apply. The set-off was an independent matter, was in no way connected with the consideration of the note, and was, therefore, not a valid set-off to this judgment. Beaty v. Bordwell, 91 Pa. 441; Stroud's Appeal, 16 W. N. C. 120.

OPINION BY MR. JUSTICE STERRETT:

In his petition to open the judgment entered by warrant of attorney against himself and his sureties, Isaiah Collins, one of the plaintiffs in error, alleged he had "a full, just, and legal defense and set-off to the whole of said judgment," in this: that prior to the closing of the bank, represented by the legal plaintiff below, he became bona fide and for a valuable consideration the holder and owner of a certificate of deposit issued by the bank to James Collins for $350, a sum exceeding the judgment and costs; that he thereby became a creditor of the bank, to that extent, before it suspended and prior to the maturity of the note on which judgment was entered, and that, instead of his owing the bank anything, it is indebted to him about $20.

Upon these allegations of fact, the court of common pleas opened the judgment, for the sole purpose of enabling the defendants therein to interpose the defense of set-off specified in the petition. It was, therefore, incumbent on them to prove affirmatively, on the trial, that prior to the assignment by the bank for the benefit of creditors, Isaiah Collins was the bona fide holder for value of the certificate which they claimed the right to set off against the note on which the judgment was entered. If they failed in that, as we think they did, the learned judge was clearly right in withdrawing the case from the jury and directing a verdict in favor of the assignee for the amount of the judgment note and interest.

It was clearly shown by uncontradicted evidence that on March 15, 1882, the bank closed its doors, and on the 17th of same month, early in the day, assigned all its property and effects to the beneficial plaintiff below, for the benefit of its creditors, and that the deed of assignment was forthwith record· ed. As to the certificate of deposit, the evidence was equally clear and conclusive that Isaiah Collins did not become the owner thereof until the day the assignment was executed and delivered. His own testimony establishes that fact. After testifying to previous conversations with James Collins, in relation to obtaining the certificate from him for the purpose of taking up the judgment note, then in bank, he says: "The certificate came into my possession on March 17." "That is the day he gave it to me. He came to me and said 'Here is that certificate we were talking about,' and he says 'You can fix it up with me again—the balance that is coming to me.' That is the conversa-

tion on the 17th of March when he handed it to me. At that time I knew there was a report that the bank was closed, but everybody had confidence in that bank. I heard the report that the bank closed before I got the certificate, but I didn't know it. I have paid something to James Collins for this certificate. I have done work for him, but there is no settled account." He further testified that the certificate of deposit, which was payable to the order of James Collins, was not indorsed by him until March 17, when it was delivered.

It was not enough for the plaintiffs in error to prove that one of them acquired title to the certificate on the day the assignment was executed. As already stated, it was necessary for them to show affirmatively that he was the bona fide holder for value prior to the delivery of the deed of assignment; in other words, that the right of set-off actually existed before the trust for the benefit of all the bank's creditors was created.

In Read v. Robinson, 6 Watts & S. 329, it was held that a common-law conveyance, given to an agent for transmission to the grantee, vested the title in the grantee forthwith, though ignorant of the transaction; and that so far as an assignment in trust for the benefit of creditors is concerned the express refusal of the assignee to accept would not invalidate it. To the same effect is Mark's Appeal, 85 Pa. 231.

In the case under consideration, the assignment, without doubt, took effect forthwith on its execution and delivery, and that was early in the day of March 17. Notwithstanding the fact that acquisition of title to the certificate and creation of the trust for the benefit of creditors both occurred on the same day, it was competent for plaintiffs in error to show that the former was first in order of time.

The legal fiction, that there are no fractions of a day by which acts done during the day relate back to its commencement, does not necessarily apply in cases like the present. Thus it was held in Patterson's Appeal, 96 Pa. 93, that where a judgment was entered on the same day but after the death of the defendant debtor, the legal fiction does not apply; and on the fact being shown, the judgment is not entitled to priority of payment, out of proceeds of the sale of real estate, over the claims of general creditors. It is there said by Judge HAWKINS, whose opinion was adopted by this court: "In Mechanics' Bank v. Gorman, 8 Watts & S. 308, it was held that it was competent to show at

what time of the day a voluntary assignment was made, with a view to affect the lien of a judgment. The same point was ruled in Boyer's Estate, 51 Pa. 432, 91 Am. Dec. 129. So in Ex parte D'Obree, 8 Ves. Jr. 83, Lord Chancellor ELDON held it was competent to show whether an act of bankruptcy was committed before or after a judicial act. To the same effect are Thomas v. Desanges, 2 Barn. & Ald. 586, and Sadler v. Leigh, 4 Campb. 197. So in Lanning v. Pawson, 38 Pa. 486, circumstantial evidence was held admissible to show that the defendant was in fact dead at the time of the entry of the judgment."

There was no evidence tending to show that the certificate of deposit was indorsed by the payee or delivered prior to the assignment, nor that Isaiah Collins, the indorsee, acquired title thereto before that time. On the contrary, the only evidence on the subject tended strongly to prove the reverse. Having thus failed to establish the controlling fact on which their defense was grounded, plaintiffs in error have no just reason to complain of the action of the court in directing a verdict for plaintiff below; and, hence, the ninth specification of error is not sustained. This conclusion renders it unnecessary to consider the remaining assignments. Whether well taken or not they cannot affect the result.

Judgment affirmed.