## Bradshaw Electro Sanitary Odor Company, Appellant, v. Bradshaw.

*Judgment—Striking off judgment—Judgment for want of an affidavit of defense.*

The court of common pleas has no power to strike off a judgment entered on the morning of the sixteenth day after service of plaintiff's statement of claim upon the defendant, in the absence of any defect apparent on the face of the record. In such a case if the defendant has any equitable grounds for relief, the court may, in its discretion, open the judgment, but cannot strike it off.

Argued Dec. 15, 1904. Appeal, No. 228, Oct. T., 1904, by plaintiff, from order of C. P. No. 5, Phila. Co., June T., 1904, No. 1176, making absolute rule to strike off judgment in case of Bradshaw Electro Sanitary Odor Company to use of George H. Buchert v. Charles T. Bradshaw. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Rule to strike off judgment.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court making absolute rule to strike off judgment.

*Stanley Folz,* with him *Leon H. Folz,* for appellant.—A motion to strike off a judgment should be refused when the motion is based upon allegations of fact, supported only by defendant's petition and affidavit, which are denied by plain-

tiff's sworn answer: Applegate v. Cohn, 1 Pa. Superior Ct. 174.

Upon a rule to strike off a judgment the court can consider but the one question: Is the judgment regular? See North v. Yorke, 174 Pa. 349.

A judgment entered for want of an affidavit of defense on the sixteenth day after the service upon defendant of summons, statement and rule to file affidavit of defense within fifteen days and notice of the filing of statement and rule, no affidavit of defense having theretofore been filed, is regular: Weigley v. Teal, 125 Pa. 498; Newbold v. Pennock, 154 Pa. 591; Lumber Co. v. Ins. Co., 167 Pa. 231; North v. Yorke, 174 Pa. 349; Sheppard v. Bohem, 1 Pa. Superior Ct. 164; Com. v. Bangs, 22 Pa. Superior Ct. 403.

The judgment for want of an affidavit of defense regularly entered on the sixteenth day, no affidavit having theretofore been filed, was not invalidated by an affidavit filed thereafter, but upon the same day.

The requirements of the act of 1887 are explicit, and the court has no power to enlarge the statutory time for the filing of an affidavit of defense: Harris v. Mercur, 202 Pa. 313.

Even if it were not conceded by the defendant that the judgment was entered first, and before any affidavit of defense was filed, the mere fact that they were filed on the same day would not prevent the court from looking at the actual facts, as set forth in the plaintiff's answer and uncontroverted by the defendant, to ascertain which of the two acts was prior in point of time: Cromelien v. Brink, 29 Pa. 522; Fisher v. Ry. Co., 185 Pa. 602; Endlich, Interpretation of Statutes, sec. 389; Collins v. McKee, 5 Cent. Repr. 178.

Nor is the position taken by the court sustained by the old rule that the court will not regard fractions of a day: Endlich, Interpretation of Statutes, sec. 389; Louisville v. Bank, 104 U. S. 469; Bank v. Burkhardt, 100 U. S. 686; Bank v. Gorman, 8 W. & S. 304–307; Maynard v. Esher, 17 Pa. 222; Patterson's App., 96 Pa. 93; Collins v. McKee, 5 Cent. Repr. 178; 3 Sadler, Pa. Supreme Ct. Cas. 213.

*William A. Carr*, with him *W. Horace Hepburn*, for appellee.—The judgment in this case from which the appellant is

attempting to appeal is an interlocutory judgment, and is not a final disposition of the matter in controversy. It does not preclude the appellant from further action to recover its claim. It is respectfully submitted that it is, therefore, not such a judgment as will sustain an appeal: Yost v. Davison, 5 Pa. Superior Ct. 469 ; Anderson v. McMichael, 6 Pa. Superior Ct. 114 ; Citizens' Bldg. & Loan Assn. v. Hoagland, 87 Pa. 326 ; Cupples Wooden Ware Co. v. Howe, 164 Pa. 85 ; National Transit Co. v. U. S. Pipe Line Co., 180 Pa. 224.

Under the law, a judgment for want of an affidavit of defense which is filed on the same day is irregular, and the courts will always relieve the defendant by striking it off : Guernsey v. Hunt, 4 Pa. C. C. Rep. 480 ; Simpson v. Mancill, 17 Phila. 265 ; Comerford v. McKeever, 14 W. N. C. 472.

OPINION BY BEAVER, J., January 17, 1905 :

Judgment in an action of assumpsit, entered on the morning of the sixteenth day after service of plaintiff's statement of claim upon the defendant, was stricken off by the court below.

Summons and copy of plaintiff's statement of claim were served by the sheriff upon the defendant June 14, 1904, returnable third Monday of June. An affidavit of defense was, therefore, due, at the latest, June 29. On June 30, before the filing of an affidavit of defense, the plaintiff, as it had an undoubted right to do, took judgment upon motion for want of an affidavit of defense. Damages were regularly assessed and judgment entered. The plaintiff thereby acquired a lien upon the real estate of the defendant, if he had any. This was a possible, valuable, legal right regularly obtained under statutory authority. What would justify striking off such a judgment? Clearly only some irregularity which affected the integrity of the record and the validity of the judgment itself. But nothing of this is alleged in the petition. The validity of the judgment being in question it was competent to show that it was entered before the affidavit of defense was filed and if so entered its validity could not be affected by the subsequent filing of the affidavit even upon the same day : Collins v. McKee, 3 Sadler, 213.

If the rule was one to show cause why the judgment should

not be opened, etc., there might be room for the possible exercise of some discretion by the court below, if grounds for an appeal to such discretion were laid. This, however, was not a rule to open but to strike off a judgment regularly entered in exact accordance with the legal rights of the plaintiff and the legal requirements of our procedure act of 1887, P. L. 271.

This case, as we view it, comes within North v. Yorke, 174 Pa. 349.

The act of 1887 requires the affidavit of defense in such a case as this to be filed within fifteen days. Defendant having failed to do this and the plaintiff having availed itself of a legal right, the court could not extend the statutory period for filing the affidavit, at least not if by so doing any of the legal rights of the plaintiff were interfered with. This sufficiently disposes of the real question involved here and it is not necessary for us to determine now whether or not a court can, under any circumstances, extend the time fixed in our procedure act for filing an affidavit of defense beyond fifteen days.

The order of the court below, making absolute the rule to show cause why the judgment entered in this case should not be stricken off, is reversed and the rule is discharged.