Per Curiam,
This was an action of assumpsit upon a promissory note. On the sixteenth day after service of a copy of the statement and rule to file affidavit of defense, the plaintiff caused judgment to be entered in the prothonotary’s office for want of an affidavit of defense. Later in the day the defendant filed an affidavit of defense, and then upon motion and affidavit obtained a rule to show cause why the judgment should not be struck off. After hearing the court discharged the rule, and from that order this appeal was taken. In view of the clear and satisfactory opinion filed by the learned judge below, ex *50 tended discussion by us of the questions sought to be raised by appellant’s counsel is unnecessary.
At the expiration of the fifteenth day the plaintiff had a right to judgment, and upon the sixteenth day, while the defendant was still actually in default, he caused judgment to be entered. The fact that it was entered before the affidavit of defense was filed appears by the defendant’s affidavit in support of the motion to strike off, and is undisputed. It is only by resort to the legal fiction that the affidavit of defense was on file every minute of the sixteenth day, or by holding that the court could not inquire into the question whether it was filed before or after the entry of judgment, that a plausible argument can be made against the regularity and validity of the judgment. It is true that in Duncan v. Bell, 28 Pa. 516, it was held that, even where the rule of court provided that the plaintiff should be entitled to judgment on a certain day unless an affidavit of defense should be filed before judgment should be asked for, the affidavit was in time if filed on that day although after judgment had been asked for and entered. But in the very recent case of Bordentown Banking Co. v. Restein, 214 Pa. 30, Chief Justice Mitchell, speaking of this ruling, says: “This, however, has not been the general practice under which the courts have usually considered the question of fractions of a day, so far as to inquire into the actual priority of the filing of the affidavit and the entry of judgment.” This precise question arose in Bradshaw Electro Sanitary Odor Co. v. Bradshaw, 27 Pa. Superior Ct. 196, and it was there held, after a full consideration and upon a state of facts precisely similar to that which is presented here, that it was competent to show that the judgment was entered before the affidavit of defense was filed, and that if so entered its validity could not be affected by the subsequent fifing of the affidavit, even upon the same day.
As to the validity of the rule of court which permits judgment for want of an affidavit of defense to be entered in the prothonotary’s office we concur in the views expressed by the learned judge below. We refer further to the recent case of Johnson v. Royal Insurance Co. of Liverpool, 218 Pa. 423, *51 where, upon a consideration of the acts of 1887 and 1889, with reference to a rule of court permitting judgment by default to be entered for want of a plea, the court said: "There can be no doubt about the authority of the common pleas to make the rule under which this judgment was entered. It is expressly conferred by the act of 1889, and the rule is strictly in accordance with the act.” The case is also important and in line with earlier cases as showing the distinction between a motion to strike off a judgment regularly entered and a motion to open.
The order is affirmed at the costs of the appellant.