## Mayes et al. v. Warsaw Township School Directors.

*W. N. Conrad*, for writ; *Raymond E. Brown*, contra.

DARR, P. J.—The only matter requiring immediate consideration at this time is whether or not under the pleadings the petitioners are entitled to a peremptory mandamus. The facts necessary to be considered in disposing of this matter are, briefly stated, as follows:

On Sept. 28, 1927, a petition was presented by T. A. Mayes and J. Ivan Ross, praying that a rule be granted upon Amor J. Bullers, Alice Bullers, Frank E. Johnson, James Boggs and Benjamin Snyder, School Directors of Warsaw Township, Jefferson County, Pennsylvania, to appear and show cause why a mandamus should not be issued, commanding them to admit Bernice Ross and Robert Ross as pupils to the Bower School, a school within the said district. A rule was issued, returnable on Oct. 4, 1927, at 9 o'clock A. M., which was duly served. On Oct. 3, 1927, a demurrer was filed by counsel for

defendants. On Oct. 4, 1927, counsel for petitioners asked for judgment "by default for want of a return to alternative writ of mandamus." On the same day, defendant's counsel asked the court to quash the writ and dismiss the petition.

The questions to be passed upon are: (1) Should the demurrer be sustained or overruled; (2) are the petitioners entitled to judgment by default for want of a return and should a peremptory mandamus issue; (3) should the petition be dismissed and the writ quashed.

1. A demurrer will not lie to the petition. The proper practice is to move to quash or to file a return: Plymouth Township Comm'rs v. Sweeney, 10 Dist. R. 617; Lehigh-Coplay Water Co. v. Coplay Borough, 11 Dist. R. 602; Com. v. State Treasurer, 29 Pa. C. C. Reps. 545; s. c., 13 Dist. R. 231; Com. v. Mathues, 210 Pa. 372.

2. Section 12 of the Act of June 8, 1893, P. L. 345, provides: "The defendant shall file in the office of the prothonotary of the court awarding the alternative writ a return thereto, verified by affidavit, within the time specified in the writ, and in default thereof judgment shall be given against him with the same effect as if he had filed a return and such return had been adjudged insufficient."

This section, standing alone, would entitle the petitioners to their judgment, since the defendants did not file any return to the alternative writ. But the section just quoted must be read in connection with section 11 of the same act, which provides: "The defendant may move to supersede or quash said writ; if he fails, he shall be permitted to file his return as in this act mentioned and to proceed as if such motion had not been made."

In Plymouth Township Comm'rs v. Sweeney et al., *supra*, it is said, on page 619: "Defendant may move to supersede or quash the writ; if he fails, he shall be permitted to file his return."

In the instant case, the defendants did move to quash the writ and dismiss the petition, and if this was in time, then it devolves upon the court either to quash the writ or, if the defendants have failed to set out sufficient grounds for so doing, then time shall be given them in which to make their return as provided by section 11 of the act.

If the motion to quash was too late, then the only thing the court can do is to render judgment in favor of the petitioners and award a peremptory mandamus.

In disposing of this question, it is important to determine whether the defendants were actually in default at the time petitioners made their motion for judgment, and if so, was the default cured by their motion to quash made pending the disposition of petitioners' motion and before the actual entry of judgment by the court. In this connection, we might say that perhaps, under the 12th section of the Act of 1893, the plaintiffs might have filed a præcipe for judgment in the prothonotary's office as a matter of course instead of applying to the court. Be this as it may, the motion was made to the court, and while the matter was pending, the defendants made their motion to the court. In Patton's Pennsylvania Common Pleas Practice, page 200, we find it stated that "The affidavit of defense (motion to quash) may be filed at any time before judgment is actually entered."

In support of this principle the learned author cites Western National Bank v. Cotton, &c., Co., 35 Pa. Superior Ct. 47. Though this decision does not employ the exact language used by Mr. Patton, a careful reading of its ruling

would lead to no other conclusion. In that case, the defendant had failed to file an affidavit of defense on the fifteenth day after service of the rule upon him. On the sixteenth day, he filed his affidavit of defense, but in the meantime, on the same day, plaintiff had taken judgment for want of such affidavit. The defendant then moved to strike off the judgment on the ground that the law allows no fraction of a day. The court sustained the judgment, but the whole trend of the opinion clearly shows that if the affidavit of defense had been filed before entry of judgment, although after the time had expired for filing same, no judgment could have been taken by the plaintiff because the defendant was not then in default. The case just noted was not a writ of alternative mandamus, but we think the principles relative to judgment by default are general and capable of almost universal application. We think the defendants' motion to quash, prior to the actual entry of judgment by default in favor of petitioners, so far cures the defendants' failure to make a return as to render it improper for the court to enter judgment in favor of petitioners at this time.

But was the court bound to enter judgment in favor of petitioners at the time their motion was made? It might be thought, upon first view, that the court was bound to grant the judgment because at the time the motion was made the defendants were in default, they neither having filed a return nor moved to quash the writ. But it is equally clear that if the defendants had filed their motion first, they would not have been in default when the petitioners filed their motion for judgment. The court takes judicial notice of the fact that both these motions were made on the first day of the regular argument court, to wit, Oct. 4, 1927. The fact is that the motions were contemporaneous and simultaneous. While counsel were arguing the demurrer, the attorney for the petitioners presented his motion for judgment, and counsel for defendants immediately replied that he would present his motion to quash, so that, in the opinion of the court, under these circumstances, the one would not have any precedence or priority over the other, but both should be treated as if made at the same time.

We are also of opinion that section 12 of the Mandamus Act must also be read in connection with section 14, which provides: "The court applied to for the writ shall allow the plaintiff and defendant, respectively, such convenient time to make return, plead, reply, rejoin or demur as shall be just and reasonable."

This would seem to give much latitude to the court and to materially qualify the ironclad provisions of section 12.

In the case at bar, we feel that for the furtherance of justice and for the further reason that, "except in extreme cases, the courts have refused to control the discretion of those to whom has been committed the execution of the common school law of the Commonwealth" (Kell v. Rudy, 1 Pa. Superior Ct. 507), the plaintiff's motion for judgment by default must be refused. We do not pass upon the merits of the controversy, as they are set forth in the able briefs of counsel, and it is our intention to make such order as will give to each of the parties full, fair and ample opportunity to present their several contentions and have the same passed upon after a careful review of all the issues, both of fact and law, that may be raised.

3. We do not think that the defendants' motion to quash is sufficiently certain and definite to warrant us in granting the same, and, therefore, we refuse it. In accordance with this opinion, the following order is made:

And now, Dec. 5, 1927, it is ordered, adjudged and decreed that the demurrer filed in this case be overruled.

It is further ordered, adjudged and decreed that the motion for judgment by default for failure of defendants to make return to the alternative writ of mandamus be refused.

It is further ordered, adjudged and decreed that the defendants' motion to quash the writ and dismiss the petition be refused. Leave is given to the defendants to file a return, verified by affidavit, in accordance with section 12 of the Act of June 8, 1893, within five days from the date hereof, otherwise judgment to be entered against them in favor of the petitioners and a peremptory mandamus issue commanding the defendants to admit Bernice Ross and Robert Ross as pupils to the Bower School.