NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

HELEN MUROWISKY, PETITIONER, v. PYRENE MANUFAC-
TURING CO., RESPONDENT.

Decided December 5, 1939.

For the petitioner, *David Roskein.*

For the respondent, *Cox & Walburg* (by *Arthur F. Mead*).

\*       \*       \*       \*       \*       \*       \*

The facts developed by the evidence are essentially as
follows:

That on May 5th, 1938, and for some time prior thereto,
the petitioner was employed by the respondent in an occupa-
tion which required the frequent use of solder fluxes and
various acids and chemicals incidental to the soldering process.
On that day the petitioner testified that while in the perform-
ance of her work she sustained an acid burn to her right eye.
The testimony indicates that the petitioner was working
under the most unusual circumstances; that it was not
uncommon for the girls to sustain burns of their clothing,
their faces and their limbs. In fact, the employer maintained
and provided a chemical substance to neutralize the effects
of said acid or flux when it came in physical contact with the
said employes. It was furthermore not uncommon for such
injuries to take place. Following the occurrence in issue,
the petitioner sought and received medical attention from

the nurse in charge of the respondent's plant. From the evidence adduced, I am satisfied and so find that the petitioner suffered a compensable industrial accident, which accident arose out of and in the course of her employment with the respondent. The respondent had due knowledge and notice thereof. Following the occurrence, the vision of the eye was blurred, the eye became inflamed and she suffered a considerable amount of pain and discomfort therein. She thereafter received medical attention at the Newark Eye and Ear Infirmary and the records of said institution, admitted into evidence, indicate that a diagnosis of an acid burn of the cornea of the right eye and conjunctivities was made. She was thereupon referred to Dr. Elbert Sherman for treatment of the injured eye, which treatment was rendered for a short period of time. Nevertheless, the condition of her eye became more acute and painfully worse. No further medical aid being furnished her by the respondent, and finding herself in dire need of medical care and treatment, she sought the same from a doctor of her own choosing.

The respondent having denied liability for the injury, and having refused to furnish any further medical treatment, an application to this court was made for same and Dr. Benjamin Adelman was thereupon authorized by this department to treat the petitioner.

I find and determine that the medical treatment furnished by Dr. Adelman was necessary and that the respondent is liable for the cost thereof. Accordingly, the respondent is directed to pay the bill of Dr. Adelman in the amount of $250, which I find to be a reasonable charge for the services rendered by him.

The respondent herein denied legal liability for the injuries sustained by the petitioner and contended that she was suffering not from the effects of the said acid burns to her eye, but from a disease known as trachoma. This diagnosis was made by Dr. Sherman, a medical expert produced by the respondent. Dr. Sherman also had occasion to treat the petitioner during the acute stages of her illness. It appears without dispute, that trachoma is a rare disease. Medical science

recognizing the need and advisability of a confirmatory opinion, has established tests by laboratory methods to substantiate or refute the diagnosis. In this case, however, the doctor failed to obtain such confirmation by appropriate laboratory tests and apparently relied solely upon his own findings. This diagnosis was neither confirmed or supported by laboratory tests which were subsequently made. On the contrary, the laboratory evidence and findings as obtained by Dr. Adelman and developed by the Clinical Laboratory definitely ruled out a diagnosis of trachoma. Thus, it appears from the greater weight of the credible evidence adduced, that the clinical findings, coupled with the laboratory tests, definitely rule out the disease of trachoma as a factor in this petitioner's disability, and I so find. I am satisfied and determine that the petitioner has sustained the burden of proof imposed upon her, and that she has established by the greater weight of the competent evidence, that she suffered from a corneal burn of her right eye due to the contact of the member with the said acid or flux and as a result thereof, developed an interstitial kerrititis which resulted in a total loss of vision of the right eye. *Bollinger* v. *Wagaraw Building Supply Co.*, 122 *N. J. L.* 512; 6 *Atl. Rep.* 396. The respondent has undertaken to explain the condition by attributing it to another cause. This takes the nature of an affirmative defense and the burden of proof shifts to the respondent to establish that defense by the required preponderance of evidence. This, the respondent has failed to do. *Simpson* v. *Creter,* 62 *N. J. L. J.* 405.

As a result of the said accident, the petitioner is entitled to receive compensation for temporary disability from July 29th, 1938, to November 1st, 1938, and from February 6th, 1939, to May 12th, 1939, a period of twenty-seven and three-sevenths weeks, at the compensation rate of $12 per week (petitioner's wages being $18 per week). Furthermore, I find that the petitioner has sustained a permanent disability equivalent to one hundred per cent. loss of usefulness of her right eye. This entitles her to receive compensation for a period of one hundred weeks, at the compensation rate of $12 per week, in the amount of $1,200.

It is therefore, on this 5th day of December, 1939, ordered, that judgment be entered in favor of the petitioner and against the respondent.

\*       \*       \*       \*       \*       \*       \*

HARRY S. MEDINETS,
*Deputy Commissioner.*