## Salary Increases of Public Officers

STAMBAUGH, Special Counsel, June 28, 1949.—You have asked whether the increased salaries provided by the Act of April 28, 1949, P. L. 776, can be legally approved by you for certain officials, one of whom is Hon. Theodore Roosevelt, 3rd.

The nomination of Mr. Roosevelt, to be Secretary of Commerce, was received by the Senate on April 27, 1949, and was confirmed by the Senate on April 28, 1949.

Senate Bill No. 105 was approved by the Governor on April 28, 1949, and became Act No. 192 of the session of 1949. Mr. Roosevelt took the oath of office on May 2, 1949.

The question arises under section 13 of article III of the Pennsylvania Constitution, the language of which is as follows:

"No law shall extend the term of any public Officer, or increase or diminish his salary or emoluments, after his election or appointment."

"Appointment" in the sense in which that term is used in the language just quoted, does not take place until the Senate has consented to or confirmed the nomination made by the Governor.

The appointment by the Governor was made under section 8 of article IV, which is as follows:

"He shall *nominate* and, *by and with the advice and consent of two-thirds of all the members of the Senate,* appoint a Secretary of the Commonwealth and an Attorney General during pleasure, a Superintendent of Public Instruction for four years, and such other officers of the Commonwealth as he is or may be authorized by the Constitution or *by law to appoint; . . . In acting on executive nominations. the Senate shall sit with open doors, and, in confirming or rejecting the nominations of the Governor, the vote shall be taken by yeas and nays and shall be entered on the journal."* (Italics supplied.)

The act of transmitting the name to the Senate is designated in the Constitution by the word "nominate", not "appoint".

Furthermore, section 8, just quoted, expressly provides that the Governor "shall . . . by and with the advice and consent . . . of the Senate, appoint". The consent of the Senate must be obtained before the appointment is made or is complete.

The confirmation of the Senate must intervene between the nomination and the appointment. The nomination and the appointment are not simultaneous, but the appointment must follow after the nomination and takes place when the consent of the Senate is given.

The language of section 207 of The Administrative Code of April 9, 1929, P. L. 177, 71 PS §67, providing for the nomination and appointment, is identical with the language of section 13 quoted above.

This interpretation was adopted by the Supreme Court of Pennsylvania in Commonwealth v. Waller, 145 Pa. 235, 257 (1892), in which Mr. Chief Justice Paxson said:

". . . his appointee having been confirmed by the senate, the respondent is in office by virtue of an ap-

pointment properly made under the constitution and laws of the state. The confirmation of respondent by the senate necessarily extends his original appointment for the balance of the unexpired term."

Likewise, article II, sec. 2, cl. 2, of the Constitution of the United States, dealing with the appointive power of the President, provides:

". . . he shall *nominate*, and by and with the Advice and Consent of the Senate, shall *appoint* . . ." (Italics supplied.)

In construing this provision, the Supreme Court of the United States has held that the appointment is not complete until confirmed by the Senate.

In United States v. Bradley, 35 U. S. 343, 364 (1836), Mr. Justice Story said:

". . . Hall's appointment, as paymaster, was complete when his appointment was duly made by the president, and confirmed by the senate. . . ."

Likewise, the rule is stated in 46 C. J. 953, §68, as follows:

"Where the appointment is made as the result of a nomination by one authority and confirmation by another, the appointment is not complete until the action of all bodies concerned has been had; . . ."

The conclusion, therefore, follows that the appointment of Mr. Roosevelt was legally made on April 28, 1949, the same day on which Senate Bill No. 105 increasing salaries was approved by the Governor.

Section 13 of article III does not say that the increase of compensation must be made "before" election or appointment. On the contrary it says that no law shall increase the salary *"after* his election or appointment". It would follow, therefore, that if the appointment and the approval of Senate Bill No. 105 were simultaneous, the increase granted does not violate the constitutional provision.

This interpretation will not conflict with the purpose of section 13 of article III, as declared by Mr. Justice Drew in Hadley's Estate, 336 Pa. 100, 105 (1939), as follows:

"The purpose of the framers of the Constitution in placing limitations upon legislative interference with the compensation received by a public officer for the duties normally incident to the office was to eliminate political or partisan pressure upon the incumbents of office after they had been elected or appointed: 8 Deb. Pa. Const. 332, 333."

The appointment and the approval of Senate Bill No. 105, will be regarded as simultaneous for, as was said by Mr. Justice Lewis in Long's Appeal, 23 Pa. 297, 299 (1854):

"It is a principle of the common law, that in judicial and other *public proceedings* there are no fractions of a day, and that all transactions of the same day are, in general, regarded as occurring at the same instant of time. This principle has been established from necessity and from a regard to public convenience." (Italics supplied.)

The same rule has been announced and followed in Murray's Petition, 262 Pa. 188, 191 (1918); Cascade Overseers v. Lewis Overseers, 148 Pa. 333, 336 (1892); Duffy v. Ogden, 64 Pa. 240, 242 (1870); Cromelien v. Brink, 29 Pa. 522, 525 (1858).

In Boyer's Estate, 51 Pa. 432, 437 (1866), Mr. Justice Agnew said:

"The rule that, in the entry of judgments and liens of like character, rejects fractions of the day, is not a legal fiction, but a measure of policy to prevent litigation, and serve as a guide to the public. It is firmly established, and is not to yield, unless to the certain demands of justice."

This principle has been applied to questions arising out of the date of approval of an act of assembly.

A case in point is Huber's Estate, 27 Dist. R. 25 (1917), in which a widow claimed the $500 exemption provided in the Fiduciaries Act of June 7, 1917, P. L. 447. Her husband had died at 5 o'clock in the morning of June 7th. The Orphans' Court of Philadelphia County held that the court should not attempt to ascertain whether the Governor signed the act before or after the death of decedent, and that the widow was entitled to the exemption claimed.

President Judge Lamorelle said (p. 26) :

". . . to attempt to inquire into what time of day the Governor signed the act known as Fiduciaries Act of 1917—and, for that matter, any other act—would result in hopeless confusion and contention. We are on safe ground when we follow the time-honored rule and hold that the Fiduciaries Act became effective on the first moment of June 7, 1917, the day it purports to have been signed."

The rule is stated in Endlich on the Interpretation of Statutes, sec. 389, p. 544:

"The doctrine that the law knows no fraction of a day, has, in general, been adhered to in this country, both as to contract rights and *statutes*. . . ." (Italics supplied.)

Again in O'Connor v. City of Fond Du Lac, 109 Wis. 253, 85 N. W. 327 (1901), in construing the words "from and after its passage" in a statute, Mr. Justice Marshall said (p. 261) :

"That would exclude the day on which the act was done, as fractions of a day are not ordinarily counted."

It is our opinion, therefore, that fractions of the day on which the appointment was confirmed and Senate Bill No. 105 was approved, should not be considered, and that the increase of salary was not made after the appointment.

We are therefore of the opinion, and you are accordingly advised that Hon. Theodore Roosevelt, 3rd, is entitled to the salary fixed by Act of April 28, 1949, P. L. 776, from and after the date on which he took the oath of office.