## Commonwealth v. Van Leer et al.

*Abraham Berkowitz*, for Commonwealth.
*Milton Leidner*, for defendants.

WINNET, J., March 31, 1950.—The right of a public officer to make an arrest for a misdemeanor without a

warrant is challenged in these proceedings. The question is constantly being raised at hearings in the misdemeanants' division of the municipal court which frequently hear cases involving arrests resulting from raids on houses alleged to be disorderly or being maintained for prostitution or assignation.

On the evening of Wednesday, February 4, 1950, a police officer of the City of Philadelphia telephoned the home of Mary Ann Huntley, one of the defendants. As a result of the call he went to her home, rang the bell, and was admitted by her. Upon entering, he observed Gertrude Van Leer, the other defendant, the mother of Mary Ann Huntley, who gave him permission to go upstairs with Mary Ann. When they entered the bedroom Mary Ann requested compensation for sexual intercourse. The officer then made known his identity, and with the assistance of other officers, placed defendants under arrest. The Commonwealth charged that defendants were using their home as a place for the purpose of prostitution and assignation.

These facts were presented before me sitting in the misdemeanants' court. A prima facie case had been established against defendants. Counsel for defendants moved to discharge them for the reason that the arrest was illegal, having been made by the police officer without a warrant.

Both the Federal Constitution and the Constitution of the State of Pennsylvania have been cited in support of the contention that the arrest was illegal. The fourth and fifth amendments of the Constitution of the United States contain no restrictions of the powers of the States but were intended to operate solely on the Federal Government and the Federal courts: Brown v. New Jersey, 175 U. S. 172; Bolln v. Nebraska, 176 U. S. 83. Article I, sec. 8, of the Constitution of Pennsylvania provides:

"The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things, shall issue without describing them as nearly as may be, nor without proper cause, supported by oath or affirmation subscribed to by the affiant."

This constitutional provision is nothing more than the affirmance of the common law: Commonwealth v. Rubin, 82 Pa. Superior Ct. 315, 320.

Under the common law arrest could be made without a warrant. Hawkins' Pleas of the Crown, chap. 10, sec. 34, states as among the common-law powers of the constable to arrest without a warrant:

"All suspicious persons that go abroad in the night, and sleep by day, or resort to bawdy houses, or keep suspicious company, and to suppress affrays."

2 Hale's Pleas of the Crown 88, states:

"By the original and inherent power in the constable he may for breach of the peace and some misdemeanors, less than felony, imprison a person. The arrest, when the crime charged is not a felony, must be made while the crime is being actually committed, in the presence of the officer."

Judge Porter in Commonwealth v. Rubin, supra, states (p. 321):

"The authority of a constable to arrest without a warrant upon reasonable suspicion, founded either on his own knowledge or the information of others, that a felony or such breach of the peace as would probably prove to be a felony, has been committed, cannot be questioned. It is equally well settled that he cannot arrest for an ordinary misdemeanor, unless present at the commission of the offense."

It has been argued that the power to arrest for a misdemeanor without a warrant is limited to offenses involving a breach of the peace. This argument was ad-

vanced in Commonwealth v. Rubin and rejected. Judge Porter says (p. 321) :

"In some of the adjudicated cases it has been said that an officer may arrest upon reasonable suspicion of felony, or for a breach of the peace committed in his presence, and this has no doubt led to the suggestion now made that the authority of an officer to arrest for a misdemeanor committed in his presence is confined to those cases in which the offense involves a breach of the peace. We find no decision of the Supreme Court of Pennsylvania which recognizes such a limitation upon the authority of an officer to arrest for a misdemeanor committed in his presence."

In Russell v. Shuster, 8 W. & S. 308, Chief Justice Gibson said: "A constable may justify an arrest for reasonable cause of suspicion alone." See also McCullough v. The Commonwealth, 67 Pa. 30.

The offense for which defendants were arrested was committed in the presence of officers and justified their arrest without a warrant. Any other rule would hamper law enforcement. Vice in any community can only be controlled by officers who ferret out the violators. In most cases they must offer themselves as participants in the crime. As a result they are frequently accused of entrapment and this may be a defense in any prosecution. See Commonwealth v. Wasson, 42 Pa. Superior Ct. 38; Commonwealth v. Earl et al. (no. 1), 91 Pa. Superior Ct. 447.

To compel an officer to obtain a warrant after the commission of the crime in his presence, will in most cases damage the public interest. This does not leave citizens to the mercy of the police officers. In Commonwealth v. Schwartz, 82 Pa. Superior Ct. 369, 379, it is said: "If the defendant's civil or constitutional rights have been infringed by the manner of their seizure, he has his remedy, civil or criminal as the case may be, against the offender."

The motion to discharge defendants is dismissed.